IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Donald Babinski, in his personal capacity and as personal representative of the Estate of John Babinski,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>American Family Insurance Group,<br><br>　　　　　　　　Defendant. | Civil Action No. _____ |

## COMPLAINT

Plaintiffs Donald Babinski, in his personal capacity and as personal representative of the Estate of John Babinski, for their Complaint against American Family Insurance Group, state and allege as follows:

## PARTIES

1.　Plaintiff Donald Babinski, in his personal capacity and as personal representative of the Estate of John Babinski is an individual who resides at 25093 Pine Lane, Nisswa, Minnesota, 56468. The Estate of John Babinski is currently being probated in the Probate Court in Crow Wing County, Minnesota.

2.　Defendant American Family Insurance Group ("American Family") is a Wisconsin entity conducting business in the State of Minnesota with its principal place of business in Madison, Wisconsin.

## JURISDICTION

3. Jurisdiction of the subject matter is conferred upon this Court by 28 U.S.C. §1332(a)(1), because Plaintiffs and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## VENUE

4. Venue in the District of Minnesota is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to Plaintiffs' claims occurred in Minnesota; and pursuant to 28 U.S.C. § 1391(c) because a defendant corporation is for venue purposes deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

## FACTS

5. American Family issued an insurance policy, Policy No. 1812-9235-01-68-FPPA-SD, which became effective November 16, 2006, with Donald Babinski listed as the Policyholder/Named Insured with a $1,000,000 policy limit per accident (the "Policy"). The Policy insured a 2004 Dodge Ram 1500 quad ST/SLT vehicle, VIN # D7HU18D84S724782 (the "Vehicle"). The Policy had an expiration date of November 16, 2007. A true and correct copy of the Policy is attached to the Complaint as **Exhibit 1**.

6. On December 10, 2006, while the Policy was still effective, John Babinski was driving the Vehicle and was involved in a collision which resulted in the death of John Babinski and his wife, Kathi Babinski.

7. The collision took place in Crow Wing County, Minnesota, the county in which both John Babinski and Kathi Babinski resided prior to their death. Both the Estate of John Babinski and the Estate of Kathi Babinski are being probated in Crow Wing County, Minnesota.

8. Plaintiffs have been notified that Kathi Babinski's heirs have engaged an attorney to commence litigation and/or settle a wrongful death claim against the Estate of John Babinski based on the December 10, 2006 collision.

9. Plaintiffs notified American Family of the potential wrongful death claim against the Estate of John Babinski and were subsequently informed by American Family that it would not provide the $1,000,000 coverage based on a "household exclusion" provision in the policy and, instead, would only provide a statutory minimum amount of either $25,000 or $30,000

10. The Policy also requires American Family to defend Plaintiffs against any suit or claims asserted. To date, American Family has not retained counsel to defend Plaintiffs from claims asserted and has not indicated an intention to do so.

## CLAIMS FOR RELIEF
### COUNT I
### DECLARATORY RELIEF

11. Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-10, above.

12. A dispute has arisen between Plaintiffs and American Family concerning their respective rights, duties and liabilities to one another under the Policy, including

whether American Family is required under the terms of the Policy to provide coverage up to the $1,000,000 policy limit.

13.  Plaintiffs are entitled to a declaration that they are entitled to coverage of up to $1,000,000 from American Family under the Policy and are entitled to have American Family defend them against any suits and claims related to the facts detailed in paragraphs 6 though 8.

14.  Plaintiffs have no other adequate and speedy remedy at law, and a declaration of rights is necessary and proper for a resolution of the dispute.

**WHEREFORE,** Plaintiffs pray that the Court issue an order and judgment declaring that Plaintiffs are entitled to insurance coverage of up to $1,000,000 from American Family and are entitled to have American Family defend them against any and all suits and claims, in addition to other rights provided for in the Policy, pursuant to the Policy and that Plaintiffs are awarded their attorneys' fees and costs and all such other and further relief as may be just and equitable.

Dated: July 17, 2007.                **HENSON & EFRON, P.A.**

By___s/ Court J. Anderson_____
   Alan C Eidsness, 26189
   Court J. Anderson, 331570
220 South Sixth Street, Suite 1800
Minneapolis, Minnesota 55402-4503
Telephone: 612-339-2500

Attorneys for Plaintiffs

315782.DOC