## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

Donald Babinski, in his personal capacity         Case No. 0:07-cv-03374 JMR-RLE
and as personal representative of the Estate
of John Babinski,

                              Plaintiffs,

v.

American Family Insurance Group,

                              Defendant.

## RYAN DEE'S MOTION TO INTERVENE AS
## PLAINTIFF-IN-INTERVENTION

_____

        Pursuant to Rule 24(a)(2) and 24(b)(2) of the Federal Rules of Civil Procedure,

Ryan Dee, as trustee for the heirs of Kathi Babinski and as personal representative of the

Estate of Kathi Babinski, moves the Court for leave to intervene in this action as a

Plaintiff-in-Intervention.    Intervention is appropriate because proposed Plaintiff-in-

Intervention Ryan Dee has an interest in the interpretation of the insurance contracts of

Defendant American Family Insurance and of proposed Intervening Defendant/Counter-

Plaintiff Union Insurance Company and because having the tort plaintiff, insured, and

insurer all before the court makes sense as a practical matter.

        This motion is based on the following:

1.      Kathi Babinski was killed in an automobile collision on December 10, 2006.  At the time of the collision, Kathi Babinski was a passenger in an automobile driven by her husband John Babinski and owned by Janice's Estates, a Minnesota Partbership.  Plaintiff Donald Babinski owns a majority share of and controls Janice's Estates.  Defendant American Family issued a policy covering the involved vehicle and naming Donald Babinski as an insured.

2.      Proposed Plaintiff-in-Intervention Ryan Dee has been appointed trustee for the heirs of Kathy Babinski and has filed a wrongful death suit against Donald Babinski in his individual capacity, Donald Babinski as Personal Representative of the Estate of John Babinski and Janice's Estates.  A copy of the wrongful death complaint is attached as **Exhibit 1**.

3.      In addition to his role as trustee for the heirs of Kathi Babinski, Ryan Dee is the co-personal representative for the Estate of Kathi Babinski.  In that role, Ryan Dee is investigating additional sources of insurance coverage arising out of the collision.  Specifically, Ryan Dee is evaluating whether uninsured or underinsured motorist coverage may be available to the estate under policies other than the one at issue here.

4.      A proposed Complaint as required by Rule 24(c) is attached as **Exhibit 2.** This complaint is substantively similar to the original Complaint filed by Plaintiff Donald Babinski.

### Intervention By Ryan Dee As Of Right Under Rule 24(a)(2)

5.      Ryan Dee's motion is timely.  The Complaint was filed only four months ago on July 17, 2007, and the trial-ready date is not until October 1, 2008.  Neither party

2

will be prejudiced by intervention at this stage, particularly as Union Insurance has also sought to intervene. A hearing on that motion is set for January 10, 2008.

6.      As a wrongful death plaintiff against the insured in this coverage dispute, Ryan Dee has an interest relating to the property or transaction which is the subject of the present declaratory judgment action. As noted in *West Bend Mut. Ins. Co v. Prairie Senior Cottages*, No. 04-4482 ADM/AJB, slip op. at 2 (D. Minn., March 27, 2006) (attached), "[i]t is generally held that an injured person having a claim against an insured torfeasor has a legal interest in a coverage dispute with the insurer and must be either notified or joined as a party in a declaratory judgment action to decide the coverage question." (citing *Conn. Ins. Guar. Assoc. v. Raymark Corp.*, 575 A.2d 693, 695-96 (Conn. 1990)).

A recent Eight Circuit decision reached the opposite conclusion but did so on very different facts. *Medical Liability Mut. Ins. Co. v. Curtis*, 485 F.3d 1006 (8th Cir. 2007). In that case, the liability insurer brought a declaratory judgment action against the alleged tortfeasor and the tort plaintiff sought intervention. *Id.* at 1007. The district court denied the motion to intervene on the basis that 1) a mere economic interest in assuring that the tortfeasors would have sufficient resources to satisfy a future judgment did not warrant mandatory intervention, and 2) with respect to permissive intervention, the motion was brought more than a year after the lawsuit was filed and therefore would unduly delay the proceedings. *Id.* at 1008-9.

In contrast to the interest of the tort plaintiff in *Curtis*, Ryan Dee's interest extends beyond assuring adequate funds for a potential judgment. Ryan Dee represents both the

heirs of Kathi Babinski and the estate of Kathi Babinski.  Depending on the resolution of

the coverage issue in this case, Kathi Babinski's Estate may have potential underinsured

or uninsured motorist claims available under separately issued auto-insurance policies.

The viability of these potential claims may turn on whether John Babinski qualifies as

either an "uninsured" or "underinsured" motorist as those terms are defined in several

other auto policies (at this point, counsel is aware of four other auto policies issued by

American Family but is investigating other independent policies covering Kathi

Babinski).  Ryan Dee's interest here is therefore fundamentally different than that in

*Curtis* where the tort plaintiff's own insurance coverage was not implicated in the

declaratory judgment action.  In addition, the proposed intervention of Union Insurance

creates additional issues that may raise factual matters important to the underlying

wrongful death suit.  No such issues and facts were raised in *Curtis*.

6.     Ryan Dee's interest may as a practical matter be impaired or impeded by

resolution of the coverage disputes in the present litigation.  The present declaratory

judgment action will determine which of Ryan Dee's claims are covered by which

insurance policies and the extent of that coverage.  These determinations will impact

Ryan Dee's ability to recover from Donald Babinski and/or the tortfeasor's estate and his

ability to effectively and efficiently prosecute his pending wrongful death case. Ryan

Dee's interest in pursuing the fullest extent of insurance coverage on behalf of the estate

may also be impaired because, as discussed above, the resolution here could complicate,

reduce or eliminate underinsured and uninsured motorist coverage otherwise available.

Furthermore, to the extent that the coverage issues involve factual determinations, Ryan

Dee's factual assertions in his wrongful death case and/or in other insurance claims could be undermined by the outcome of the present coverage dispute.

7.      Ryan Dee's interest is not adequately represented by the existing parties. Although Donald Babinski and Ryan Dee both seek full coverage under the American Family and Union policies, Donald Babinski's ability to adequately represent Ryan Dee's interest is inherently limited.  In the wrongful death lawsuit, Ryan Dee asserts claims against Donald Babinski personally and in his representative capacity and against Janice's Estates, Donald Babinski's business.  Whereas Donald Babinski is interested in maximizing coverage and minimizing his personal, his business's and the estate's financial exposure, Ryan Dee is interested in maximizing both coverage and the ultimate recovery in the wrongful death case.  Any determination related to the various entities and layers of coverage could create divergent positions between Donald Babinski and Ryan Dee.  In addition, no other party to this action is at all concerned about preserving and maximizing other sources of coverage available to the Estate of Kathi Babinski.

## Permissive Intervention Under Rule 24(b)(2)

8.      In the alternative, Ryan Dee seeks leave to intervene under Rule 24(b)(2). Allowing intervention in the present case reflects the recognized efficiency of having the injured party, insured and insurer before the court in a coverage dispute.  The *West Bend* court summarized this reality as follows:

> The Court's decision is supported by a reading of the case law cited by West Bend … which shows that the injured party, insured, and insurer are typically all parties to a coverage dispute action unless one of the aforementioned parties has settled its portion of the case or the underlying lawsuit has

> already concluded. *Compare Allstate Ins. Co. v. Steele*, 74 F.3d 878 (8th Cir. 1996) (insurer sought declaratory judgment and named both insured and injured party as defendants), *and Iowa Kemper Ins. Co.*, 906 F.3d 1075 (8th Cir. 1996) (same) *with Ellensohn v. Am. Family Mut. Ins. Co.*, 906 F.3d 1075 (8th Cir. 1996) (after insurer refused to defend, insured settled with with injured party and then sued insurer for breach of contract), and *Tschimperle v. Aetna Cas. & Sur. Co.*, 529 N.W.2d 421 (Minn. App. 1995) (injured party brought garnishment action against insurer after injured party and insured entered into *Miller-Shugart* agreement).

*West Bend Mut. Ins. Co v. Prairie Senior Cottages*, No. 04-4482 ADM/AJB, slip op. at 2 (D. Minn., March 27, 2006).

In *West Bend*, the insurer brought a declaratory judgment action against its insured. The insurer contended it was under no obligation to indemnify its insured for specific claims raised in a wrongful death lawsuit. The wrongful death plaintiff was not named in or notified of the declaratory judgment action. The court held that the wrongful death plaintiff was a necessary party under Rule 19(a) and indicated that the wrongful death plaintiff would be entitled to intervene as of right under Rule 24(a).

Although *West Bend*'s holding has been displaced by that in *Curtis*, *West Bend*'s reasoning provides compelling support for permissive intervention. The *West Bend* court reasoned that it is generally efficient and useful to have the tort plaintiff, the insured and the insurance carrier all before the court in a declaratory judgment coverage action. This is especially so where, as here, the coverage issues are potentially complex, neither of the current parties will be prejudiced, and no delay will result. In the interest of efficiency and fairness, Ryan Dee should be permitted to intervene.

WHEREFORE, for the reasons set forth above, proposed Plaintiff-in-Intervention Ryan Dee respectfully requests that the Court grant the Motion to Intervene and for such other relief as may be just and equitable.

Dated: January 4, 2008                    Respectfully submitted,

s/  Brendan J. Flaherty
Brendan J. Flaherty, Bar No. 0327657
Fred H. Pritzker, Bar No. 88465
*Attorneys for John Dee*
PRITZKER | RUOHONEN & ASSOCIATES
Plaza VII, Suite 2950
45 S. Seventh Street
Minneapolis, Minnesota 55402
Tel. 612.338.0202
Fax  612.338.0204