```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF MINNESOTA
                    07-CV-3374(JMR/RLE)
```

Donald Babinski            )
                           )
        v.                 )           ORDER
                           )
American Family Insurance  )
Group                      )

    This matter is before the Court on cross-motions for summary judgment. Plaintiff asks the Court to find the insurance policy purchased from defendant offers coverage of up to $1 million. Defendant asks the Court to limit the coverage to $30,000. Plaintiff's motion is granted; defendant's motion is denied.

I. <u>Background</u>

    Plaintiff, Donald Babinski, purchased a $1 million insurance policy from defendant. While the policy was in effect, his son, John Babinski, and John's wife, Kathi, were killed in an automobile accident while John was driving plaintiff's truck. Kathi's estate commenced a wrongful death action against John's estate, of which plaintiff is the personal representative. On April 4, 2007, defendant sent plaintiff a letter stating his policy "provide[d] liability coverage for any possible wrongful death claims made by Kathi Babinski's next of kin." Ex. A; Court Anderson Aff.

    Notwithstanding this declaration, American Family later cited the policy's exclusion provisions in support of its contention that it was not required to indemnify plaintiff to the full $1 million policy limit. Defendant did, however, acknowledge its duty to pay

something under the policy's "Liability Provision," which states:

> We will pay compensatory damages an insured person is legally liable for because of bodily injury and property damage due to the use of a car or utility trailer.
>
> We will defend any suit or settle any claim for damages payable under this policy as we think proper.

Ex. 1; Donald Babinski Aff.

The policy's definition of "insured person" includes "any person using your insured car." But under "Exclusion 10," the policy does not cover:

> Bodily injury to:
>
> a. Any person injured while operating your insured car;
> b. You or any person related to you and residing in your household;
> c. Any person related to the operator and residing in the household of the operator.
>
> This exclusion applies only to the extent the limits of liability of this policy exceed the limits of liability required by law.

Id.

Defendant contends that, under the "household exclusion" or "drop-down exclusion," it is only required to indemnify plaintiff up to $30,000.00, rather than the policy limit. Compl. ¶ 9; Answer ¶ 3. Defendant further claims South Dakota law applies, requiring the Court to reduce its financial responsibility to plaintiff. The Court disagrees.

II. <u>Analysis</u>

Insurance policy interpretation, and the application of those terms to the facts of the case, are questions of law. <u>Franklin v. W. Nat'l Mut. Ins. Co.</u>, 574 N.W.2d 405, 406 (Minn. 1998). It is axiomatic that a court will resolve any ambiguity against the insurer and in accordance with the reasonable expectations of the insured. <u>Caledonia Cmty. Hosp. v. St. Paul Fire & Marine Ins. Co.</u>, 239 N.W.2d 768, 770 (Minn. 1976).

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 246 (1986). The party opposing summary judgment may not rest upon the allegations set forth in its pleadings, but must produce significant probative evidence demonstrating a genuine issue for trial. <u>See</u> <u>Anderson</u>, 477 U.S. at 248-49.

A. <u>Household Exclusion</u>

The Court begins by invalidating the policy's "household exclusion." While swiftly done, this holding merely recognizes that Minnesota has held such exclusions invalid as a matter of law since 1979. <u>See</u> <u>Hime v. State Farm Fire & Cas. Co.</u>, 284 N.W.2d 829 (Minn. 1979). This invalidation appears to be in accord with South Dakota's practice, and likely yields the same result. <u>Id.</u> at 832; <u>see also</u> <u>MGA Ins. Co. v. Goodsell</u>, 707 N.W.2d 483, 488 (S.D. 2005)

3

(invalidating household exclusion of liability coverage for injury to resident relative of permissive user).

    B.   Drop-Down Exclusion

Next, the Court denies defendant's request to enforce the policy's "drop-down exclusion" and limit its liability to 3% of the policy's face amount. The "drop-down" would occur if the Court enforced the closing term of "Exclusion 10" as requested by American Family. The clause states: "This exclusion applies only to the extent the limits of liability of this policy exceed the limits of liability required by law."

This exclusion is not at all self-explanatory. Defendant would have the Court interpret it to mean the policy pays only the amount the state requires as minimum liability insurance for a driver to drive in the state. The Court takes judicial notice of Minnesota's law requiring a driver to maintain a minimum of $30,000 in liability coverage in order to drive in this state. The policy has a face amount of $1 million. If the Court applied the exclusion as the insurer suggests, the policy would pay $30,000, or 3% of the policy's face value. The Court declines to do so.

As an initial matter, the Minnesota Supreme Court has not addressed the enforceability of such exclusions. The Minnesota Court of Appeals touched this question in Frey v. United States Auto. Assoc., 2007 WL 4634034 (Minn. Ct. App. Jan. 8, 2008). The Frey court appeared sympathetic to such a drop-down. The Court

declines to accept the Court of Appeals reading for three reasons.

First, the Court considers that, while Minnesota's appellate courts opinions are persuasive authority and entitled to respectful consideration, they are not binding. Marvin Lumber and Cedar Co. v. PPG Indus., Inc., 223 F.3d 873, 883 (8th Cir. 2000).

Second, this case is factually distinguishable from Frey. There, the Minnesota Court of Appeals enforced drop-down limits on bodily-injury coverage for a family member who resided in the home. Id. at *2. But that court also recognized the non-resident victim could recover a sum above the statutory minimum. Id. at *7. Here, the parties agree John and Kathi did not reside with the insured. Pl.'s Mot. Summ. J. 2; Def.'s Mot. Summ. J. 1-2. Thus, even under Frey, plaintiff would likely be entitled to recover more than American Family contends.

Third, and importantly, the Frey insurance policy set forth in writing - in actual figures - the amount it would pay to resident drivers. It did not use the "stealth" language employed in defendant's policy.

This leads the Court to find American Family's policy vague, ambiguous, and falls far below any ordinary consumer's reasonable expectation. The American Family policy before this Court has a face value of $1 million; it never refers to any other sum. And it is not difficult - it is impossible - to tell from within the policy's four corners the amount it will pay. According to

defendant, the company pays the minimum insured amount in the state in which the accident occurs. Again, the Court takes judicial notice that Minnesota and South Dakota impose differing minimum insurance sums. Minnesota's is $30,000.00; South Dakota's is $25,000.00. This means that if the same accident took place in South Dakota, American Family would not even pay the 3% it is offering here; it would pay $25,000, a 2.5% sum. Reading within the policy's four corners, it is impossible to discern the sum it will pay.

Even if the Court applied the provision in question as a "drop-down exclusion," the policy remains ambiguous. There is no reference to the state's minimum insurance amount to which defendant would drop down. Both the Court, and certainly the insured, search in vain for any such statement within the policy's four corners. This makes the policy unclear, vague, and misleading, such that the Court declines to enforce it.

Finally, taking all of the facts in the light most favorable to plaintiff, the Court finds Donald Babinski is entitled to recover attorney's fees. Where an "insurer has breached the insurance contract in some respect[,]" an insured is entitled to recover the attorney's fees and costs. Chicago Title Ins. Co. v. Fed. Deposit Ins. Co., 172 F.3d 601, 605 (8th Cir. 1999). Accordingly, defendant shall pay the amount of $35,712.33 in attorney's fees.

6

III. Conclusion

For these reasons, the Court denies defendant's motion for summary judgment and grants plaintiff's cross-motion.  On this record, the Court cannot, of course, determine the liability American Family bears.  But the Court does find the policy's exclusion invalid.  This is a $1 million policy, and so it shall remain.

IT IS SO ORDERED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  April 11, 2008

s/James M. Rosenbaum
JAMES M. ROSENBAUM
United States Chief District Judge